IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    : | |
| :  | |
| v.                           : | Case No.: 7:20-CR-00035 (WLS-TQL) |
| :  | |
| DARREN J. MCCORMICK,         : | |
| :  | |
| :  | |
| Defendant.                   : | |
| :  | |

**ORDER**

Before the Court are five motions filed by Defendant: Motion to Strike Surplusage (Doc. 40), Motion to Compel Discovery (Doc. 41), Motion to Bifurcate Trial (Doc. 42), Motion for Subpoena Duces Tecum (Doc. 43), and a "Motion for Relief" in which Defendant argues that the Government's Sentence Enhancement Information and the Indictment contain inaccurate information and/or duplicitous counts (Doc. 64). The Government timely responded to each motion. (Docs. 48, 49, 51, 52, 68.) The Government also filed an Amended Sentence Enhancement Information. (Doc. 67.) After being ordered to file a reply brief, reply briefs were filed by Defendant. (Docs. 71.) Defendant has also filed a response to the Government's Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) (Doc. 7). (Doc. 75.) Further, the Court heard from counsel for the Parties on October 21, 2021. (*See* Doc. 76.) Accordingly, the Court issues this Order to memorialize the findings made and instructions given at the hearing and to resolve the pending motions.

Prior to the hearing, Defendant filed a reply brief stating that his Motion to Strike Surplusage (Doc. 40), Motion to Compel Discovery (Doc. 41), and Motion for Subpoena Duces Tecum (Doc. 43) were withdrawn. (Doc. 71 at 1.) At the hearing, the Court noted that

although these motions were withdrawn, some of the issues raised therein were interrelated with pending motions and that counsel should explain what issues remain. Defense counsel announced that the Parties signed a stipulation that would satisfy all of Defendants' motions relative to the Sentence Enhancement Information and that Defendant was no longer pursuing his motion to bifurcate.

The Court inquired whether the Parties understood that the evidence could still be admissible under Rule 404(b) and that by stipulating to the prior conviction, the stipulation has the same effect as if the jury had found that Defendant has the prior conviction for the enhancement to apply. Both Parties affirmed that was their understanding. Defense counsel then inquired whether the prior conviction could be redacted from the Indictment for trial purposes, and the Court stated that it could be redacted if that was the Parties' agreement. The Government confirmed that information could now be redacted from the Indictment.

The Court further explained that whether the conviction was for conspiracy to possess with intent to distribute cocaine base, as mistakenly written in the initial Sentence Enhancement Information (Doc. 8), or for the actual conviction of possession with intent to distribute cocaine base (Docs. 67 & 67-1), the effect for this case was the same for purposes of the sentence enhancement's applicability. The Court noted that the Indictment does not mention conspiracy. The Court also explained to Defendant McCormick that the stipulation is as if the jury found beyond a reasonable doubt that Defendant has the prior conviction and that the only charge that will be submitted to the jury is for the current charge of possession with intent to distribute methamphetamine. McCormick stated that he understood. McCormick also confirmed that he had reviewed and discussed the stipulation with his attorney.

The Government then stated that a copy of the plea agreement for the prior conviction was provided to Defendant and his counsel earlier that day. The Government stated that it discussed that it may seek to introduce the stipulation in the plea agreement at trial with a preface that Defendant previously agreed these statements were true. The Government stated, however, that both Parties agreed not to mention the prior conviction or plea agreement in opening statements and that at the time when a party seeks to introduce such information, the Parties may present their arguments to the Court about its admissibility. The Court agreed that was the proper procedure and stated that the Court would reserve ruling on the admissibility of such evidence until trial at which time a party may object and the Court will hear arguments outside of the presence of the jury. Based on the Parties' agreement, the Court instructed that Rule 404(b) evidence not be mentioned to the jury or be questioned of a witness until such time as the Court rules that the information should be presented to the jury.

Defense counsel stated that he had no other matters for the Court, and the Government estimated 2-3 days for trial. Thereafter, the Parties' Stipulation was filed. (Doc. 77.)

Because these matters were either withdrawn or resolved by stipulation, all pending motions (Docs. 40, 41, 42, 43, 64) are **DENIED AS MOOT**. The only unresolved issue is the admissibility of the prior conviction and plea agreement under Rules 404(b) and 609, which the Court will resolve at trial.

**SO ORDERED**, this 25th day of October 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**