IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:20-CR-00035 (WLS-TQL) |
| | : |
| DARREN J. MCCORMICK, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Before the Court are three motions for a subpoena for a trial witness, filed by Defendant through counsel on October 25, 2021. (Docs. 80, 81, 82.)

The Federal Rules of Criminal Procedure provide: "Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." Fed.R.Civ.P. 17(b). Here, Defendant has merely stated the name of each requested witness and that the witness is "needed to testify at the trial." (*E.g.*, Doc. 80 at 1.) This is insufficient.

"As a threshold matter, a defendant making a Rule 17(b) request bears the burden of articulating specific facts that show the relevancy and necessity of the requested witness's testimony." *United States v. Rinchack*, 820 F.2d 1557, 1566 (11th Cir. 1987) (citing *United States v. Hegwood*, 562 F.2d 946, 952 (5th Cir. 1977)). "The grant or denial of a Rule 17(b) motion is committed to the discretion of the district court and . . . . appellate courts have upheld the refusal of district courts to issue a Rule 17(b) subpoena where . . . the defendant failed to make a satisfactory showing of indigency or necessity." *Id.* at 1566-68 (finding that a district court

1

may deny a request where an attorney merely states that he would like a witness "without further explanation or elaboration" because "the law is crystal clear that the burden of showing necessity and relevance is on the defendant."). This is consistent with the requirement that to show a Sixth Amendment violation, a defendant "must at least make some plausible showing of how the[] [witness's] testimony would have been both material and favorable to his defense." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982).

Accordingly, because Defendant has failed to make a proper showing in compliance with Rule 17, his motions for a subpoena (Docs. 80, 81, 82) are **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**, this 26th day of October 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**