## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | :  Case No.: 7:20-CR-00035 (WLS-TQL) |
| DARREN J. MCCORMICK, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

### **ORDER**

On September 23, 2021, the Parties responded to the Court stating that this case should be placed on the November 2021 trial calendar. (Doc. 60.) Thereafter, the Court held a pretrial conference in this case, during which Defendant's counsel stated that he was ready for trial and wished to file a response to the Government's Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) (Doc. 7). (Doc. 73.) Thereafter, the Court held a hearing on Defendant's pretrial motions and resolved those motions. (Doc. 79.) This case has now been set for trial to begin on Monday, November 8, 2021. (Doc. 84.)

On October 25, 2021, Defendant filed three motions for issuance of witness subpoenas for trial that the Court denied without prejudice because Defendant's representation that each witness was "needed to testify at the trial" was insufficient. (Doc. 83 at 1) (citing *United States v. Rinchack*, 820 F.2d 1557, 1566 (11th Cir. 1987) ("As a threshold matter, a defendant making a Rule 17(b) request bears the burden of articulating specific facts that show the relevancy and necessity of the requested witness's testimony.") Thereafter, on October 29, 2021, Defendant filed an ex parte motion pursuant to 18 U.S.C. § 3006(A)(e) and "Motion Requesting Subpoena Be Issued." (Docs. 86 & 87.) The Court has again informed Defendant that merely stating that

1

the requested witness is "needed to testify at the trial" without further elaboration is insufficient and has set a hearing so that defense counsel can make a proper showing for the witness and service requested. (Doc. 88.)

Following that order, on November 1, 2021, Defendant filed four more motions for issuance of witness subpoenas asserting that these witnesses are needed for trial, as well as a motion to dismiss the indictment based on outrageous law enforcement misconduct. (Docs. 89, 90, 91, 92, 93.) The motions for subpoena must comply with Federal Rule of Criminal Procedure 17(b) for the reasons already explained. (Doc. 83.) Furthermore, the Standard Pretrial Order provides that pretrial motions be filed at least fourteen days before the pretrial conference and that all remaining issues "must be raised at the pretrial conference or they may be deemed waived." (Doc. 14 at 4.) Defendant has not explained why his motion to dismiss the indictment was filed well after the pretrial conference and one week before the trial for which he previously announced he was ready.

Thus, all pending motions (Docs. 86, 87, 89, 90, 91, 92, and 93), and any motions filed in the interim, will be heard at the motions hearing on November 3, 2021 at 3:00pm. At the hearing, the Parties shall also be prepared to state whether they are ready to proceed to trial on Monday, November 8, 2021 or whether the trial should be continued to the next trial term.

**SO ORDERED**, this 2nd day of November 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**