IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Case No.: 7:20-CR-00035 (WLS-TQL) |
| : | |
| DARREN J. MCCORMICK, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

On Wednesday, November 3, 2021, the Court held a hearing on Defendant's pending motions (Docs. 86, 87, 89, 90, 91, 92, 93, 96, 97, 98, 99, 100, 101). Present at the hearing were counsel for the Government, counsel for Defendant, and Defendant. The Court heard Defendant and his counsel ex parte on the motions requesting subpoenas for trial witness and ex parte motion, but all Parties were present to be heard on Defendant's Motion to Dismiss the Indictment based on Outrageous Government Misconduct. (Doc. 93.) The Court has issued a separate ex parte order on Defendant's ex parte requests, and the Court issues this order to memorialize portions of the hearing that were not ex parte.

The Court heard from defense counsel and counsel for the Government on the pending motion to dismiss. Defense counsel requested an evidentiary hearing on the motion but stated that his client is otherwise ready to proceed to trial on Monday, November 8, 2021. The Government stated that the legal issues raised were complex and that the facts concerning the offense and the motion were substantial, such that an evidentiary hearing may not be quick. The Court concurred and explained that it wanted the Parties to present their best evidence and arguments at the evidentiary hearing because the motion raised substantial and novel

issues that the Court must fairly resolve. As such, the Court ordered that an evidentiary hearing occur on **Monday, November 8, 2021 at 9:00am in Valdosta**, at which the Parties should be prepared to call witnesses and present evidence. The Government inquired whether it was the Defendant's burden as the movant to present evidence in support of his motion, and the Court responded affirmatively stating that it appeared to be similar to the burdens of proof for an entrapment defense where the Defendant bears the initial burden of production that the outrageous misconduct defense applies after which the Government should then produce rebuttal evidence. Defense counsel confirmed that was also his understanding. The Court also stated that it would not have the jury report to court on Monday morning but would have the jury await further instructions from the Court on when to arrive. The Court also instructed that any witnesses who are not needed for the evidentiary hearing need not come to court on Monday.

The Court noted the various "roadblocks" with this case going to trial during the November trial term and instructed the Parties' counsel to confer and determine their availability for a specially set trial later in November or in December.

**SO ORDERED**, this 4th day of November 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**