IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Case No.: 7:20-CR-00035 (WLS-TQL) |
| : | |
| DARREN J. MCCORMICK, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Before the Court is Defendant's Motion for Judgment of Acquittal, made orally on November 16, 2021 at the jury trial in this case. For the reasons explained herein, the motion is **DENIED**.

**I.   PROCEDURAL BACKGROUND**

On September 15, 2020, Defendant was indicted on one count for Possession of Methamphetamine with Intent to Distribute. (Doc. 1.) A jury trial was held in this case from Monday, November 15, 2021 through Wednesday, November 17, 2021. (*See* Docs. 116, 117, 118.) Following the close of the Government's evidence at the trial, defense counsel made an oral motion for judgment of acquittal arguing that there was no proof that Defendant had the requisite knowledge as to the drugs he is charged with possessing. The Government responded that the evidence showed that Defendant had the requisite knowledge and intent as they demonstrated that Defendant had intended the drugs to arrive in the mail, that Defendant directed Michael Husbands to obtain the drugs, and that it was Defendant's intent to take those drugs and mix them with a "cut" for purposes of distributing them for sale. Defense counsel stated that he had no further response, and the Court stated that it would take the

1

motion under advisement. Thereafter, the defense rested its case and presented no evidence in its case-in-chief. Following deliberations, the jury found Defendant guilty of Count One. (*See* Doc. 122.)

## II.     DISCUSSION

Under Federal Rule of Criminal Procedure 29, if "the evidence is insufficient to sustain a conviction," a defendant's motion for judgment of acquittal must be granted. Fed. R. Crim. P. 29(a). The Court "must determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt" based on the Government's evidence in chief. *United States v. Mer-cer*, 541 F.3d 1070, 1074 (11th Cir. 2008) (citing *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999)); *United States v. Thomas*, 676 F.2d 531, 535 (11th Cir. 1982) (citation omitted) (The defendant should be acquitted "only if 'the evidence, viewed in the light most favorable to the Government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of the essential elements of the crime charged.'"). The conviction must be upheld unless the Court finds that "the jury could not have found the defendant guilty under any reasonable construction of the evidence." *United States v. Jimenez*, 705 F.3d 1305, 1308 (11th Cir. 2013) (citing *United States v. Merrill*, 513 F.3d 1293, 1299 (11th Cir. 2008)).

In construing the evidence, the Court must view the evidence in the light most favorable to the Government. *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009) (citing *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000)). Accordingly, the Court must "resolve any conflicts in favor of the Government, draw all reasonable inferences that tend to support the prosecution's case, and assume that the jury made all credibility choices in support of the verdict." *Id.* (citing *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006) and


*Ward*, 197 F.3d at 1079). Moreover, "[t]he prosecution need not rebut all reasonable hypotheses other than guilt." *United States v. Sellers*, 871 F.2d 1019, 1021 (11th Cir. 1989) (citing *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982)). Thus, "[i]t is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." *Thompson*, 473 F.3d at 1142 (citing *United States v. Mieres-Borges*, 919 F.2d 652, 656 (11th Cir. 1990)).

Because the Court reserved ruling on the motion made at the close of the Government's evidence, the Court "must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b).

At trial, the Government called five witnesses and admitted into evidence numerous exhibits. (*See* Docs. 117 & 124.)  The Government's evidence established that Defendant had been a long-time friend of Michael Husbands, a drug user, and that Husbands had assisted in Defendant's drug distribution by driving Defendant, his narcotics, and his money to different locations in the Valdosta, Georgia region. Husbands testified that at some point, Defendant began having packages delivered to Husbands' address, and Husbands would usually keep the package on his property until Defendant asked for it to be brought to him. After Husbands was arrested for possessing narcotics with intent to distribute, he agreed to help law enforcement to catch Defendant. Husbands testified that Defendant informed Husbands to expect another package delivered to Husbands' address, and, unbeknownst to Defendant, officers gave Husbands a recording device and surveilled him on the day the drugs at issue were found.

Husbands collected the package from the post office, and the officers rejected Husbands' suggestion to leave the package in Husbands' shed. Instead, officers instructed Husbands to put the package in the trunk of his car. The same day, McCormick asked Husbands for a ride, and Husbands went to pick up Defendant but did not disclose that the package was in the trunk of the car. The Government submitted the audio recording of a more than thirty-minute conversation between Defendant and Husbands in the car, along with a transcript of the recording. (*See* Doc. 124-7.) Almost immediately, Defendant asked if Husbands "[Put] it up good." *Id.* at 1. Husbands responded, "I got it put up. I know better than that." *Id.* To which Defendant responded: "My ass gonna make a lot of money off this shit cause um we gone be havers not have nots." *Id.* Defendant then went on to discuss the different amounts he could be paid for a gram, an ounce, "a zip," "a ball," and a "8 ball." *Id.* at 2. He then went on to discuss how it was "pure" and "uncut" and that he had "the formula to cut it" so that it could still be clear. *Id.* at 3. Husbands explained in his testimony the meaning of these terms, stating that methamphetamine is often cut with another substance so that more can be sold, but that, to keep customers happy, the methamphetamine should still look like pure methamphetamine which grows in clear shards. The two appeared to continue to talk about cutting methamphetamine until the car was stopped by law enforcement. The package containing the methamphetamine at issue in this case was found in the trunk of the car.

Defendant argues that this evidence is insufficient because it does not establish that Defendant knew the package was in the car and, therefore, Defendant did not knowingly possess it. But the law on possession is not so narrow. As the Court instructed the jurors, "'[c]onstructive possession' of a thing occurs if a person doesn't have actual possession of it, but has both the power and the intention to take control over it later. A defendant's

4

constructive possession of a substance can be proven by a showing of ownership or dominion and control over the drugs *or* over the premises or the vehicle where the drugs were concealed." (Doc. 115 at 9) (emphasis added); *see United States v. Clay*, 355 F.3d 1281, 1284 (11th Cir. 2004). Based on the evidence established, a reasonable jury could have concluded that Defendant had constructive possession of the narcotics because the evidence reasonably established that Defendant ordered them, directed what Husbands should do with them, and intended to retrieve them from Husbands to sell them. That is sufficient for a reasonable jury to find Defendant guilty. *United States v. Woodard*, 531 F.3d 1352, 1361 (11th Cir. 2008) (Defendant "planned to sell the marijuana once it had arrived, indicating that [Defendant] had control over the narcotics sufficient to establish constructive possession.").

Furthermore, possession can be joint, and a defendant can be guilty of possession if he intentionally joins with another person to commit the crime or willfully directs the actions of that person in committing the crime. *See United States v. Perez*, 661 F.3d 568, 576-77 (11th Cir. 2011) (explaining that joint constructive possession can exist based on "a defendant's knowing participation in a joint criminal venture" because 'the defendant shares his coparticipants' intent and jointly possesses" the contraband "as part of the criminal enterprise centering around possession of" it); *United States v. Carter*, 782 F. App'x 818, 822 (11th Cir. 2019) ("[C]onstructive possession of a controlled substance may be exclusive or joint.") (citation omitted). The evidence summarized herein also allows for a reasonable jury to conclude that Defendant intentionally joined with Husbands to commit possession of methamphetamine with the intent to distribute and that Defendant willfully directed Husbands to possess the narcotics on his behalf. Thus, sufficient evidence supported the jury's verdict in this case.

5

## **CONCLUSION**

For the foregoing reasons, Defendant's oral Motion for Judgment of Acquittal is **DENIED**.

**SO ORDERED**, this <u>18th</u> day of November 2021.

                                           <u>/s/ W. Louis Sands</u>
                                           **W. LOUIS SANDS, SR. JUDGE**
                                           **UNITED STATES DISTRICT COURT**